**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| DENNIS DICKERSON | CIVIL ACTION NO. |
| VERSUS | 14CV00008-SDD-SCR |
| DOCTOR JASON COLLINS, EMT AMANDA COWAN, ET AL. | |

## RULING

This matter is before the Court on the *Motion to Dismiss for Failure to State a Claim*[1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by the Defendants, Dr. Jason Collins and EMT, Amanda Cowan. Plaintiff, Dennis Dickerson, opposes[2] the Motion. For the reasons which follow, the Defendants' Motion is GRANTED.

### I. FACTUAL BACKGROUND

Plaintiff, Mr. Dickerson, is incarcerated at the Louisiana State Penitentiary ("Angola"). He brings a 42 USC §1983 claim alleging deliberate indifference to his medical needs relating to medical treatment he received following an injury he received while helping set up for the Angola Prison Rodeo.

According to his *Complaint*, "[o]n or about March 14, 2013, [plaintiff] an inmate at LSP, was working his assigned job outside, when he was requested to carry a large piece of lumber along with another inmate. The other inmate dropped his side of the lumber and the wood fell causing injury to [plaintiff's] back".[3]

---
[1] Rec. Doc. 18.
[2] Rec. Doc. 20.
[3] Rec. Doc. 1, ¶ 8.

The next day, Plaintiff alleges "[he] experienced sever [sic] muscle spasms and pain and could not move his arms and legs [whereupon he] was pushed by wheelchair to the R.E. Barrow Treatment Center and seen by EMTs who administered two shots in his hip and returned him to his dormitory."[4] Later that same day, "because the two shots received were not provided (sic) any relief from the severe pain and muscles spasms [he] was taken to the emergency room and given a steroid shot admitted. While on the [hospital] ward, [Plaintiff] was given Morphine, Demerol and Lortab".[5] Two days later, on March 17, 2013, the Plaintiff was returned to his dormitory.[6]

The gravamen of the Plaintiff's complaint seems to be that he was released from the R.E. Barrow treatment center after two days and returned to his dormitory even though his pain persisted. Plaintiff alleges that, upon his March 17, 2013 release from treatment and return to his dormitory, he made "boisterous complaints" of "severe pain". Plaintiff alleges that he was suffering "objectively evident"[7] muscle spasms and "screaming" from the pain. According to the Plaintiff's *Complaint*, Major Davis, Captain Fall, and Sgt. Oliver responded to the Plaintiff and called for EMT's. Three EMT's responded but Plaintiff alleges that the EMT's "left the dorm without providing medical care". Later that same day, while making sick call rounds, Plaintiff alleges Defendant Cowan, an EMT, encountered Plaintiff on the floor screaming and that, upon inquiry, Plaintiff told Cowan that he was in severe pain and she allegedly told him to "man up" and left him on the floor untreated.[8] The Plaintiff was returned to the R.E. Barrow treatment facility the next morning, March 18th at 8am, where he was administered two shots in the hips before being returned to his dorm.

On March 20, 2013, the Plaintiff was again seen at R.E. Barrow Medical Center at which time he was transferred to Our Lady of the Lake Medical Center ("OLOL")

---

[4] Rec. Doc. 1, ¶s 9 and 10.
[5] Rec. Doc. 1, ¶s 11 and 12.
[6] Rec. Doc. 1, ¶ 13.
[7] Rec. Doc. 1, ¶s 14 and 18.
[8] Rec. Doc. 1, ¶ 20.

where he was treated for "kidney failure secondary to Rhabdomylosis"[9] from March 20 – March 22, 2013. Upon discharge from OLOL, Plaintiff was re-admitted to R.E. Barrow Treatment Center where he remained hospitalized until March 26, 2013.

## II. LEGAL ANALYSIS

### A. Motion to Dismiss under FRCP 12(b)(6)

A Rule 12(b)(6) motion to dismiss for failure to state a claim is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[10] When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto.[11] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[12] However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[13] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[14]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[15] The allegations must be sufficient "to raise a right to relief above the speculative level,"[16] and "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[17] "While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to

---

[9] According to Plaintiff, this is a degenerative condition that was "triggered" by the back injury. Rec. Docs. 1 and 19; ¶ 26.
[10] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001).
[11] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000).
[12] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996).
[13] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir.1982), citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir.1974); *Collins v. Morgan Stanley*, 224 F.3d at 498.
[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).
[15] *Id.* at 570.
[16] *Id.* at 555.
[17] *Id.*, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed.2004).

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[18] If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[19]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] "[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[21] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[22]

### B. Deliberate Indifference Claim

Prisoners are entitled to receive "adequate medical care,"[23] a right that is violated when prison officials "refuse to treat [inmates], ignore [their] complaints, intentionally treat [them] incorrectly, or engage in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[24] Negligent diagnosis and treatment do not, by themselves, rise to the level of a constitutional tort[25] but must be paired with an infliction of pain "repugnant to the conscience of mankind"[26] that results

---

[18] *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).
[19] *Id.* at 570.
[20] *Ashcroft v. Iqbal*, 556 U.S. at 663.
[21] *Id.* at 663-64.
[22] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir.2009), quoting *Twombly,* 127 U.S. at 556. *See also In Re Southern Scrap*, 541 F.3d 584, 587 (5th Cir.2008).
[23] *Boatright* 709 F.3d at 403, 409.
[24] *Coleman* 745 F.3d at 765, *quoting* Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006).
[25] *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999), *quoting* Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).
[26] *Id., quoting* McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997). See also, "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' prescribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying

in substantial harm.[27]

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain."[28] The mere delay of medical care can also constitute an Eighth Amendment violation but only "if there has been deliberate indifference [that] results in substantial harm."[29] "A prison inmate can demonstrate an Eighth Amendment violation by showing that a prison official 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[30] In *Easter v. Powell,* the Fifth Circuit found that the plaintiffs stated an Eighth Amendment deliberate indifference claim where a nurse refused to treat and ignored an inmate complaints of severe chest pain that she knew had a history of cardiac problems and where the delay in treatment caused the inmate's left eye to fill with blood."[31] Thus, Eighth Amendment claims possess objective *and* subjective components.[32] The deprivation in question must be objectively serious and the prison official being held to account must have a sufficiently culpable state of mind.[33]

In *Harris v. Hegmann,*[34] the plaintiff alleged that, after receiving medical treatment for a broken jaw from Earl K. Long Hospital and upon returning to Hunt Correctional Facility, his jaw "fell out of place" causing him excruciating pain. Despite repeated protestations to prison medical officials, plaintiff was seen by a prison dentist

---

access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle v. Gamble,* 429 U.S. 97, 104-105 (1976).
[27] *Hernandez* 522 F.3d at 561.
[28] *Estelle*, 429 U.S. 97 at 104.
[29] *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).
[30] *Id.* at 464.
[31] *Id.*
[32] *Id.* at 352. *See also*, *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).
[33] *Id.,* quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
[34] 198 F.3d 153, 159 (5th Cir. 1999).

rather than being sent to an emergency medical facility. Furthermore, the prison doctor overrode orders from the surgeon at Earl K. Long and ordered that the plaintiff be returned to a regular diet rather than a liquid-only diet, exacerbating his pain. The Fifth Circuit concluded that the plaintiff's factual allegations satisfied "both the objective and subjective components of an Eighth Amendment claim" and thus stated a claim upon which relief may be granted.[35]

In the present case, taking the allegations as true, the Plaintiff experienced an injury on March 14, 2013 for which he received treatment from March 15 – 17, 2013. Upon release to his dormitory on March 17th, Plaintiff continued to express complaints of pain. Security Officers and EMT's responded but Plaintiff received no treatment until approximately 22 hours later on March 18th. Plaintiff was treated again on March 18th and hospitalized for "kidney failure secondary to Rhabdomylosis".[36]

The Plaintiff fails to mention any specific action or inaction by Defendant, Dr. Collins. The only allegation as to Dr. Collins is that Collins "knew of the serious medical condition and need for emergency treatment."[37] This single conclusory allegation against Dr. Collins is insufficient to "nudge [his] claims across the line from conceivable to plausible"[38] or to allow the "court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[39] The claims against Dr. Collins will be dismissed.

As to Defendant, Amanda Cowan, the *Motion to Dismiss* must be denied, based on allegations that the Plaintiff was known to have suffered an injury which necessitated both inpatient and outpatient treatment. That, thereafter, EMT Cowan ignored Plaintiff's repeated complaints and physical manifestations of pain, telling him to "man up", and that treatment was delayed for 20 hours, a plausible claim of

---

[35] *Id.* at 160.
[36] *Complaint* ¶ 26.
[37] *Complaint* ¶ 31.
[38] *Id.* at 570.
[39] *Ashcroft v. Iqbal*, 556 U.S. at 663.

deliberate indifference has been stated. The Defendants' *Motion to Dismiss* the claims against EMT Amanda Cowan are denied.

### III. CONCLUSION

For the reasons stated, the Defendants' FRCP Rule 12(b)(6) *Motion to Dismiss for Failure to State a Claim for Which Relief can be Granted* as to Dr. Collins is GRANTED. The Defendants' FRCP Rule 12(b)(6) *Motion to Dismiss for Failure to State a Claim for Which Relief can be Granted* as to EMT Amanda Cowan is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on June 30, 2014.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**