UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DENNIS DICKERSON                                             CIVIL ACTION
(DOC #412905)

VERSUS                                                       14-00008-SDD-SCR

DR. JASON COLLINS, ET AL.

### RULING

This matter is before the Court on a *Motion for Summary Judgment*[1] filed by Defendant, Emergency Medical Technician Amanda Cowan. Plaintiff, Dennis Dickerson, has filed an *Opposition*[2] to which Defendant has filed a *Reply*.[3] For the following reasons, Defendants' *Motion* shall be denied.

### I.     BACKGROUND[4]

Dennis Dickerson ("Dickerson") is an inmate incarcerated at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana.[5] Dickerson filed this action pursuant to 42 U.S.C. § 1983 against Dr. Jason Collins and Emergency Medical Technician ("EMT") Amanda Cowan complaining that they were deliberately indifferent to his serious

---

[1] Rec. Doc. 37.
[2] Rec. Doc. 42.
[3] Rec. Doc. 45.
[4] The facts are drawn from the summary judgment record, which includes, among other things, Plaintiff's April 1, 2013 Declaration, Plaintiff's prison medical records, Affidavits from Amanda Cowan, Major Daniel Davis, Captain John Fall, Captain Kenneth Wilson, and Sergeant Tanyanika Tolliver. The Court does not consider as evidence allegations from Plaintiff's *Complaint* or *Amended Complaint*. See, *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996)("[P]leadings are not summary judgment evidence.").
[5] The Court notes that Plaintiff had been represented by legal counsel throughout this matter until September 17, 2015. Rec. Doc. 94. Plaintiff's former counsel filed the memorandum in opposition to the motion on his behalf.
28540

1

medical needs in violation of the Eighth Amendment and negligent under Louisiana law.[6] The claims against Dr. Collins have since been dismissed; therefore, Dickerson's only remaining claims are against Defendant Cowan.[7]

On March 14, 2013, Plaintiff injured his back while he and another inmate were carrying a large piece of lumber on the Angola Rodeo Grounds.[8] The following day, Dickerson went to R.E. Barrow Treatment Center ("treatment center") by wheelchair because he was experiencing severe lower back pain and muscle spasms.[9] After being given two shots to his hips, Dickerson was returned to his cell in the Spruce 4 dormitory.[10] Later that day, Plaintiff returned to the treatment center because he was still in pain and experiencing muscle spasms.[11] Over the next two days, Plaintiff remained in Ward 1 of the treatment center, where he continued to receive medication for his pain.[12] At approximately 10:00 a.m. on March 17, 2013, Plaintiff was discharged back to Camp.[13]

Three hours later, Dickerson reported to a dorm security officer that he needed medical assistance.[14] Medical personnel were dispatched to Plaintiff's cell where he complained of back spasms and other pain, but no other injuries. The medical records reflect that the EMTs noted no deformities, discoloration, or active spasms to Plaintiff's

---

[6] Rec. Doc. 1. Plaintiff subsequently filed an *Amended Complaint for Damages Work Injury/No Treatment/Kidney Failure*. Rec. Doc. 10. Plaintiff has alleged state negligence claims under La. C.C. art. 2315, La. C.C. art. 2317, and La. C.C. art. 2321.
[7] On June 30, 2014, the Court dismissed all claims brought against Cowan's co-defendant, Doctor Jason Collins, for failure to state a claim. Rec. Doc. 26.
[8] Rec. Doc. 42-2, p. 3.
[9] Rec. Doc. 38-2, p. 203; Rec. Doc. 38-2, p. 205.
[10] Rec. Doc. 38-2, p. 203.
[11] Rec. Doc. 38-2, p. 277.
[12] Rec. Doc. 38-2, pp. 285-86. Dickerson's medical records indicate that he was administered Demerol, Phenergon, Lortab, and Morphine.
[13] Rec. Doc. 38-2, p. 282.
[14] Rec. Doc. 42-2, p. 3.

28540

back.[15]  After contacting the treating physician, the EMTs were instructed that no ambulatory transport would be necessary and left Dickerson in the dormitory.[16]

Later that day, Defendant Cowan went to Spruce 4 dormitory at approximately 3:55 p.m. to conduct a sick call in order to determine whether any inmates needed medical care.[17]  It is during this visit that Dickerson claims that Cowan refused to provide him with medical treatment.  Plaintiff and Defendant Cowan offer differing versions of what actually transpired in the dorm during her visit.  Dickerson contends that, while Cowan was making her rounds, she heard him screaming in pain and saw him lying on the bathroom floor.[18]  When Cowan asked him what was wrong, Plaintiff told her that he was having severe pain and muscle spasms.[19]  Rather than assessing his medical condition, Dickerson asserts that Cowan told him he "needed to man up" and then left him lying on the floor untreated.[20]  Cowan rejects Dickerson's version of events.  While Cowan admits to being at Spruce 4 dormitory on March 17, 2013 to conduct a sick call, she denies that Dickerson was lying on the floor and screaming in pain, or that she told him to "man up".[21]  She insists that, had Plaintiff been screaming from pain, she "would have provided medical assistance immediately".[22]

Defendant Cowan now seeks summary judgment on Dickerson's claims of deliberate indifference because she did not violate his constitutional rights, the alleged

---

[15] Rec. Doc. 38-6, p. 1.  The EMTs dispatched for the 1:45 p.m. call were EMT Lieutenant S. McClure and EMT Master Sergeant J. Honea.
[16] Rec. Doc. 38-6, p. 1.  Rec. Doc. 42-3, p. 11.  The treating physician was Dr. MacMurdo.
[17] Rec. Doc. 37-3, p. 1.
[18] Rec. Doc. 42-2, p. 3.
[19] Rec. Doc. 42-2, p. 3.
[20] Rec. Doc. 42-2, p. 3.
[21] Rec. Doc. 37-3, p. 1.
[22] Rec. Doc. 37-3, pp. 1-2.

28540

delay did not result in substantial harm, and because she is entitled to qualified immunity.[23]

## II. LAW

### A. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[24]  "An issue is material if its resolution could affect the outcome of the action."[25]  "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[26]  "A party moving for summary judgment 'must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case.'"[27]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[28]  However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence".[29]

---

[23] The *Motion for Summary Judgment* solely addressed Plaintiff's deliberate indifference claims.
[24] Fed. R. Civ. P. 56(a).
[25] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[26] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008)(citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).
[27] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D.La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25).
[28] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[29] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(internal quotations and citations omitted)).
28540

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party'".[30]  The Court must resolve all reasonable factual inferences in favor of the nonmoving party.[31]  However, "[t]he court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim".[32]  "Conclusory allegations unsupported by specific facts, however, will not prevent an award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without "any significant probative evidence tending to support the complaint."'"[33]

### B.   Qualified Immunity

Defendant asserts the defense of qualified immunity to Dickerson's deliberate indifference claims.  The qualified immunity defense shields "a government official from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law".[34]  "To determine whether a defendant is entitled to qualified immunity, this court engages in a two-pronged analysis, inquiring (1) whether the plaintiff has alleged a violation of a constitutional right and, if so, (2) whether the defendant's behavior was objectively reasonable under clearly established law at the time the conduct occurred."[35]  "The relevant, dispositive inquiry in determining whether a constitutional right was clearly

---

[30] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[31] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[32] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010)(citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).
[33] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249)(citation omitted)).
[34] Atteberry v. Nocona General Hosp., 430 F.3d 245, 253 (5th Cir. 2005).
[35] *Hampton v. Oktibbeha County Sheriff Dept.*, 480 F.3d 358, 363 (5th Cir. 2007)(citing *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006)).
28540

established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted."[36]  "A qualified immunity defense alters the usual summary judgment burden of proof."[37]  Once a defendant pleads the defense, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct".[38]

### C.  Deliberate Indifference

Dickerson contends that Defendant Cowan acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  As an inmate, Dickerson has a clearly established right not to be denied, by deliberate indifference, attention to his serious medical needs.  However, to establish liability in connection with a claim for deliberate medical indifference, a prisoner-plaintiff must be able to show that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs".[39]  "Deliberate indifference is an extremely high standard to meet."[40]  In order to prevail, the plaintiff must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs".[41]  Further, the plaintiff must establish that the

---

[36] *Moore v. Boeker*, 12-CV-00051, 2014 WL 4662398, at *3 (M.D.La. Sept. 18, 2014)(citing *Saucier v. Katz*, 533 U.S. 194, at 202 (2001)).
[37] *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)(citing *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005)).
[38] *Gates v. Texas Dept. of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008)(citing *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005)).
[39] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985).
[40] *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001).
[41] *Id.* (quoting *Johnson*, 759 F.2d at 1238).

28540

defendant possessed a culpable state of mind.[42]  For a prison official to be held liable, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference".[43]  "Mere negligence, neglect, or medical malpractice" does not constitute deliberate indifference.[44]  Even "gross negligence" does not establish deliberate indifference.[45]  Rather, "subjective recklessness as used in the criminal law" is the appropriate standard for "deliberate indifference" under the Eighth Amendment.[46]  The mere delay of medical care can also constitute an Eighth Amendment violation but only "if there has been deliberate indifference [that] results in substantial harm".[47]

## III.   ANALYSIS

Plaintiff has alleged that Defendant Cowan acted with deliberate indifference by ignoring his complaints, refusing him medical treatment, and delaying his access to medical care.[48]  Defendant Cowan argues that Dickerson has failed to produce any evidence that she refused to provide medical care.  In support of her position, Cowan argues that Plaintiff's medical records do not contain any indication that she spoke with him during the March 17, 2013 sick call.  The Court finds that Defendant's argument is counterintuitive.  Considering it is Plaintiff's very position that, although he complained of severe pain and back spasms, Defendant Cowan ignored his complaints, in the Court's view, it logically follows that there would be no medical records reflecting Cowan's failure to provide medical care.  Regardless, Plaintiff has offered his own

---

[42] *Farmer v. Brennan*, 511 U.S. 825, 838 (1994)(citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).
[43] *Id.* at 837.
[44] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).
[45] *Hernandez v. Tex. Dep't of Prot. and Reg. Servs.*, 380 F.3d 872, 882 (5th Cir. 2004).
[46] *Farmer*, 511 U.S. at 839-40.
[47] *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).
[48] Rec. Doc. 10, pp. 8-9.
28540

7

*Verified Declaration* in which he claims that, although he told Defendant Cowan that he was in severe pain and experiencing back spasms, she refused to provide him with medical treatment.  Although Defendant Cowan disputes Plaintiff's version of events in her own Affidavit, and through the Affidavits of three other LSP correctional officers who were also present at the Spruce-4 dorm during the alleged incident, the Court may not make credibility determinations on a summary judgment motion.[49]  Therefore, construing all inferences in the light most favorable to the non-movant, the Court finds that Plaintiff has satisfied the subjective component of the test for deliberate indifference by bringing forward summary judgment evidence[50] that Cowan ignored his complaints for medical treatment and refused to treat him.   However, this does not end the Court's analysis.

The Court must also determine whether Plaintiff can satisfy the objective component by proving that his back spasms amounted to a serious medical condition. The United States Fifth Circuit Court of Appeals has explained that "[a] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required".[51]  And yet, as other courts within this circuit have recognized, complaints of back pain and spasms without more simply do not rise to the level of "serious medical needs".[52]   Even if this were not

---

[49] Each of the Affiants attest that Plaintiff had not been screaming or making complaints of severe pain, or that Defendant told Plaintiff to "man up." Rec. Doc. 37-3; Rec. Doc. 37-6, p. 2; Rec. Doc. 37-7, p.2; Rec Doc. 37-8, p.2.
[50] Rec. Doc. 42-2 (Plaintiff's *Verified Declaration*).
[51] *Gobert v. Caldwell*, 463 F.3d 339, 345, n. 12 (5th Cir. 2006).
[52] In *Billizone v. Jefferson Parish Correctional Center*, 2014 WL 7139636, *3 (E.D.La. Dec. 15, 2014), the district court for the Eastern District of Louisiana concluded that an inmate's lower lumbar pain caused by disc erosion albeit unpleasant, "simply [did] not rise to the level of serious medical needs."  There, the inmate claimed that he experienced severe back pain due to lack of medication and inadequate pain medication. In *Mueller v. Tanner*, 2011 WL 3568062, *2, n. 5 (E.D.La. May 26, 2011), the district court for the Eastern District of Louisiana noted that "it is at least debatable whether back pain qualifies as a
28540

8

the case, Plaintiff has failed to produce any evidence showing that his back spasms amounted to a serious medical condition or need. In his memorandum, Plaintiff offers the unsubstantiated argument that his "muscle spasms were objectively evident. [That] Continual muscle spasm[s] cause severe pain is common knowledge".[53] While Dickerson claims that he was in severe pain at the time Cowan conducted her sick call at 3:55 p.m., there is no evidence in the record that he reiterated his request for medical treatment or that he continued in his complaints until approximately 16 hours later. The Spruce-4 Log Reports show that, between the 3:55 p.m. pill-call on March 17 and Plaintiff's 8:30 a.m. medical declaration the following morning, there were at least two other pill-calls conducted in the Spruce 4 dormitory.[54] However, on neither occasion did Dickerson request any medical treatment.[55] In fact, the officer on duty throughout the night on Spruce-4 dorm has no recollection of Dickerson requesting medical treatment during her shift.[56] When the Court turns its attention to Dickerson's medical records from the morning of March 18, they further weaken his contention that his back spasms amounted to a serious medical need. While Dickerson's declaration indicates that he could not move any part of his body due to severe pain and muscles spasms, his Health Care Request Form and the Emergency Medical Report from March 18th indicate that

---

sufficiently serious medical need to trigger constitutional protections." (ref'g to *Claudet v. Jones*, 2010 WL 4365512, at *4 (E.D.La. Oct. 27, 2010)(Zainey, J.)("Several courts also have found that neck and back pain are not serious medical needs.")).
[53] Rec. Doc. 42.
[54] Rec. Doc. 37-4, pp. 4-5 (Pill call at 7:30 p.m. and 2:45 a.m.).
[55] Rec. Doc. 37-4, pp. 4-5; Rec. Doc. 37-9. (Affidavit of Sergeant Tanyanika Tolliver wherein she attests that two pill calls were conducted, one at 7:30 p.m. and one at 2:45 a.m., in which a total of 11 inmates left Spruce 4 to receive medication and/or receive medical treatment. She had no recollection of Dickerson requesting medical assistance during either pill call, or at any point during her shift.) Rec. Doc. 37-10 (Dickerson's response to interrogatories directs the Defendant to review the log book in Dorm Spruce #4 and to speak with the officer on duty to determine how many times he sought medical attention between the hours of 5:30 p.m. on March 17, 2013, until 9:00 a.m. on March 18, 2013.).
[56] Rec. Doc. 37-4, pp. 4-5; Rec. Doc. 37-9.
28540

he complained of "severe (**but not painful**) muscle spasms in [his] lower back".[57] The medical records further indicate that Plaintiff voluntarily left the treatment center at 11:55 a.m. without receiving medical treatment because he needed to participate in a legal phone call at 12:30 p.m. for trial.[58] Notably, while Plaintiff required wheelchair assistance to get to the treatment center, no such assistance was required when he left.[59] Accordingly, the Court finds that Plaintiff has failed to satisfy his evidentiary burden of showing that his back spasms presented a serious medical need. Based on this finding, there is no basis for this Court to find that a constitutional violation occurred. Therefore, Dickerson's claim that Cowan was deliberately indifferent for refusing to provide him with medical care during the 3:55 p.m. sick call on March 17, 2013 shall be dismissed.

Dickerson's remaining deliberate indifference claim against Cowan is based on his alleged delay in receiving medical treatment between the 3:55 p.m. sick call on March 18, 2013 and his return to the treatment facility at approximately 8:30 a.m. the following day. It is well established that the mere delay in receiving care is not, in and of itself, a constitutional violation.[60] Regardless of the length of delay, here approximately 16 hours, Dickerson must show that Cowan was deliberately indifferent to his serious medical needs and that this resulted in substantial harm.[61] Considering that the Court has already determined that based on the record evidence, the Plaintiff's back spasms

---

[57] Rec. Doc. 41, p. 189. (emphasis added); Rec. Doc. 41, p. 191. In the Emergency Medical Report, the medic documented the same complaint, and further noted that "[Patient] denies any pain just continued spasms." *See also*, Emergency Medical Report, Vital Statistics, March 18, 2013, Rec. Doc. 42-3, p. 13.
[58] Rec. Doc. 42-3, p. 13; Rec. Doc. 42-3, p. 22.
[59] Rec. Doc. 42-3, p. 10. (Captain M. Purpera's Statement in Response to ARP #2113-0564: "After receiving medication, Dennis Dickerson asked to leave the ATU in order to make a legal phone call.") Dennis Dickerson then proceeded to sign[] a refusal and left[] the ATU ambulatory. Pt. has an[] upcoming appointment per Dr. Collin.").
[60] *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).
[61] *Id.*; *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).
28540

did not rise to the level of serious medical need, Dickerson's deliberate indifference claim based on delay in medical treatment must also fail.

### D.  Supplemental Jurisdiction

Plaintiff's state law negligence claims are his only remaining claims against Defendant Cowan.[62]  District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises novel or complex issues of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all other claims over which it had original jurisdiction; or for other compelling reasons.[63]  Considering that the Court has dismissed all of Plaintiff's Eighth Amendment deliberate indifference claims over which it had original jurisdiction, the Court shall decline to exercise supplemental jurisdiction over Plaintiff's remaining state law negligence claims.

---

[62] La. C.C. art. 2315; La. C.C. art. 2317; La. C.C. art. 2321.
[63] 28 U.S.C. § 1367.
28540

## IV. CONCLUSION

For the foregoing reasons, Defendant Amanda Cowan's *Motion for Summary Judgment*[64] is hereby GRANTED and Plaintiff Dennis Dickerson's deliberate indifference claims against Defendant Amanda Cowan are dismissed with prejudice. It is further ordered that Plaintiff Dennis Dickerson's state law negligence claims are dismissed without prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on September 25, 2015.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[64] Rec. Doc. 37.  Considering the Court finds that there was no underlying constitutional violation, it need not reach the issue of qualified immunity.

28540